ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 AUG 14 PM 3: 13

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| ERIC DRAPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 305-163 |
| | ) | |
| CORRECTIONS CORPORATION OF AMERICA, | ) ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff brought the instant action pursuant to 42 U.S.C. § 1983. After a careful, *de novo* review of the file, the Court concurs with the United States Magistrate Judge's Report and Recommendation to which no objections have been filed. The Magistrate Judge recommended that this case be dismissed without prejudice for failure to prosecute. (See doc. no. 5.) Rather than filing objections, Plaintiff has filed an amended complaint. (Doc. no. 9.) The Court resolves the matter as follows.

Plaintiff, a former Georgia state inmate, executed his initial complaint on December 2, 2005.[1] (Compl. at 6.) Plaintiff complained of numerous wrongs which allegedly occurred while he was incarcerated at the Wheeler Correctional Facility ("Wheeler") in Alamo, Georgia. (Id. at 7.) On March

---

[1] At the time Plaintiff filed the complaint, he was apparently not incarcerated.

17, 2006, the Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis*. (Order of March 17, 2006 at 1.) However, the Magistrate Judge also noted two key pleading deficiencies: (1) the complaint was a "shotgun" pleading; and (2) Plaintiff had named only the Corrections Corporation of America ("CCA")[2] as a defendant, but had presented no basis for holding CCA liable for any of the wrongs alleged in the complaint.[3] Accordingly, the Magistrate Judge ordered Plaintiff to file an amended complaint within fifteen days. (Id. at 6.) Also of note, the Magistrate Judge instructed Plaintiff:

> If no response is timely received from Plaintiff, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will recommend that this action be dismissed without prejudice. Plaintiff is cautioned that while this action is pending, Plaintiff shall immediately

---

[2] CCA is a private entity which operates Wheeler.

[3] As the Magistrate Judge correctly explained,

> Presumably, Plaintiff contends that CCA should be held responsible for the acts of its employees. Unfortunately for Plaintiff, private employers and corporations cannot be sued under § 1983 simply on a theory of *respondeat superior* or vicarious liability. Rather, in order to state a viable § 1983 claim against CCA, Plaintiff must bring allegations which demonstrate either (1) that CCA actually participated in the alleged constitutional violation(s), or (2) that there is a causal connection between CCA's actions and the alleged constitutional violation(s). Plaintiff's complaint does not bring any allegations showing that CCA had any actual involvement in or causal connection to the events about which he complains.

(Order of March 17, 2006 at 2-3 n.1 (internal citations omitted).)

> inform this Court of any change of address. Failure to do so will result in dismissal of this case.

Id.

Plaintiff did not respond to his service copy of the Magistrate Judge's March 17th Order, which was returned to the Court as undeliverable. Consequently, on April 18, 2006 (well after the time to respond had expired), the Magistrate Judge issued a Report and Recommendation that this case be dismissed for failure to prosecute. On May 1, 2006, after the time to object to the Report and Recommendation had expired, Plaintiff moved for an extension of time to file objections. Plaintiff explained that he did not initially receive the March 17th Order due to a change of address. (Doc. no. 7 at 1-2.)

I granted that motion in an Order dated May 12, 2006. Of note, Plaintiff's service copy of that Order was also returned as undeliverable. Nevertheless, on May 19, 2006, Plaintiff filed an amended complaint. Later, Plaintiff filed a change of address showing that he is now incarcerated at the Fox Lake Correctional Institution in Fox Lake, Wisconsin.

The amended complaint, like the initial complaint, is a shotgun pleading. (See generally Am. Compl.) Plaintiff names fifteen different defendants and complains of a panoply of wrongs at Wheeler including: (1) an accident involving a mechanical gate, (2) mishandling of prison mail, (3)

harassment, (4) unfairly imposed disciplinary sanctions, (5) poor medical care, and (6) race discrimination. (Id.) Plaintiff does not indicate how these claims are related, or how all the named defendants are involved in each alleged wrong.

Also, Plaintiff's failure to promptly inform the Court of his address changes has repeatedly stalled progress of this case. Nevertheless, quite aside from Plaintiff's difficulty in keeping the Court informed of an address where he may be reached, this case is due to be dismissed. The Magistrate Judge explicitly warned Plaintiff to limit his complaint to "related" claims. (Order of March 17th at 3, 5-6.) To date, Plaintiff has not complied with those instructions. Indeed, Plaintiff's belatedly submitted amended complaint suffers from the very deficiencies which led the Magistrate Judge to order Plaintiff to replead.

"'Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Nevertheless, even when a complaint's defects may be curable, the Court may deny a plaintiff leave to amend "where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments

4

previously allowed." Id. In the instant case, Plaintiff has yet to file a proper amended complaint, despite being given several months to do so.

When the district court orders the plaintiff to amend a shotgun pleading, "if the plaintiff fails to comply with the court's order--by filing a repleader with the same deficiency--the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001). Similarly, both Loc. R. 41.1(b) and Fed. R. Civ. P. 41(b) empower the Court to dismiss a case for failure to comply with court instructions. The Eleventh Circuit has also stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983). Furthermore, when a prisoner-plaintiff makes no attempt to comply with court instructions regarding amendment, the district court is under no obligation to give the prisoner further opportunity to replead. See Heard v. Nix, No. 05-14515, 170 Fed. Appx. 618, 620, 2006 WL 452086, at *2 (11th Cir. Feb. 23, 2006).

Of course, the Eleventh Circuit has also explained that dismissal with prejudice is a drastic remedy that should be

5

resorted to only in extreme situations. Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986). Moreover, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, it would be inappropriate to dismiss the instant action with prejudice.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge. This case is **DISMISSED** without prejudice for Plaintiff's failure to prosecute it by filing a proper repleader. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply dismissing the case without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it</u> in accord with court instructions.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of August, 2006.

_____
UNITED STATES DISTRICT JUDGE